The Macon and Western Railroad Company *vs.* Baber.

THE MACON & WESTERN RAILROAD COMPANY, plaintiff in error, *vs.* JAMES M. BABER, defendant in error.

1. Where, in an action brought under the provisions of section 2988 of the Code, for stock killed, the notice required was served personally by the plaintiff, who attached his affidavit of such service thereto:

*Held,* That such affidavit was sufficient evidence of such service, and not being traversed, it was not necessary to have produced the witness on the stand to prove the same.

*Held again,* When the defendant's counsel requested the Judge to charge the jury, "that Mrs. B. turning out the cow in the vicinity of the railroad just before the coming of the train, was negligence and carelessness to be considered by the jury, and that when said cow got upon the track it made B. a trespasser," which the Judge refused, but charged the jury, "that if it were shown that plaintiff's cow was injured by the defendant's servants, the law presumes negligence on their part and they must explain it, and the fact that Mrs. B. turned out the cow, in the vicinity of the railroad, before the train came, was no evidence of carelessness to be considered by the jury, and it was not true that if said cow, so turned out, got upon the track it made plaintiff a trespasser, unless it was inclosed by a lawful fence, that such refusal and the charge given by the Court was not error, under the facts of the case; for the fact of contributory negligence cannot be presumed against the owner of such cattle as ordinarily are turned

out, by turning such animals out, and the act of their going upon an uninclosed railroad track did not constitute him a trespasser.

Railroads. Negligence. Evidence. Trespass. Before Judge LOCHRANE. Clayton Superior Court. September Term, 1870.

Baber brought case against the Macon & Western Railroad Company for killing his cow on the 26th of May, 1869. On the trial, Baber's counsel offered in evidence a notice, as follows:

" GEORGIA, CLAYTON COUNTY:

*To the Macon & Western Railroad Company :*—You are hereby notified that within the last three months, to-wit, on the 26th of May last past, you damaged the subscriber by killing a milch cow belonging to him, by the running of a car, engine or locomotive or other machinery on your road; and desiring that the amount of damages may be legally assessed, you are hereby required by agent or attorney, or in person, to appear at the next term of the Superior Court to be held in said county on the second Monday in September next, then and there to show cause, if any exist, why the damages shall not be assessed according to law. This 18th of August, 1869.          JAMES M. BABER."

On the back of this notice was an affidavit by Baber, plaintiff, that he served a copy of said notice on the defendant's agent at Jonesboro, on the 18th of August, 1869. Defendant's counsel objected to said paper as evidence, because it did not sufficiently describe the damage done and because the affidavit of plaintiff was insufficient evidence of its service.

These objections were overruled, and the paper was read to the jury. The evidence of the plaintiff's witnesses showed that, on the morning of the 26th of May, 1869, just before the usual time for the coming of the morning train by Baber's, Mrs. Baber turned out said cow; that the cow was seen running along the side of the track and in front of the engine when said train arrived; that she suddenly tried to cross the track in front of the engine and was either struck

by the engine or kicked at it; that she was injured thereby and from that injury died in a few days; that the train was running at usual speed. The engineer and fireman testified positively that the engine did not touch the cow. Other facts showed that the cow was injured by the engine. And this was conceded by defendant's counsel. But they relied upon said evidence to show that it was an accident caused by the cow's crossing in front of the engine so suddenly as not to attract the attention of the engineer or fireman. The value of the cow was shown.

Defendant's counsel requested the Court to charge the jury that Mrs. Baber's turning the cow out, in the vicinity of the railroad, just before the coming of the train, was negligence and carelessness, to be considered by the jury, and that when said cow got upon the track it made Baber a trespasser. The Court refused so to charge, but charged, that if plaintiff's cow was injured by defendant's servants, the law presumes negligence on their part, and they must explain it; that the fact that Mrs. Baber turned out the cow in the vicinity of the railroad before the train came was no evidence of carelessness to be considered by the jury, and that it was not true that if said cow, so turned out, got upon the track it made plaintiff a trespasser, unless it was shown that the defendant's road was inclosed with a lawful fence. The verdict was for the plaintiff for the value of the cow.

Defendant's counsel moved for a new trial, upon the grounds that the verdict was strongly and decidedly against the weight of the evidence, and because the Court erred in admitting said notice as evidence; in refusing to charge as requested, and in charging as he did. He refused a new trial, and that is assigned as error on each of said grounds.

A. W. HAMMOND & SON, for plaintiff in error, as to service of notice, cited Act of 1853; 18th Ga., 247. As to fences: Prince's Dig., 256; Cobb's N. D., 18; R. Code, sections 1458, *et seq.* As to negligence and trespass: 18th Ga.

The Macon and Western Railroad Company *vs.* Baber.

R., 679; 19th, 436–7; 24th, 75; 27th, 113; 28th, 93, 111; 30th, 22; 37th, 593; 38th, 431; Code, sec. 2980.

TIDWELL, FEARS & ARNOLD, for defendant.

LOCHRANE, C. J.

1. This was an action brought by Baber against the Macon & Western Railroad for the value of a cow killed at Jonesboro, on the railroad. There are but two questions which are made by the bill of exceptions. One, as to the sufficiency of the notice, under the Act of 1853; and the other, on the charge of the Court. The record discloses that the notice was written in the terms of the Act, and was served by Baber personally, and an affidavit of such service is attached to the notice returned to Court. The question is, was this notice proven by such affidavit: Code, section 2988, provides for notice: "Any person whose stock has been killed by the running of cars may serve a written notice describing the property," etc.; then describing what it shall contain, and on whom to be served, and is silent as to who shall serve such notice, or how it shall be proven. In this case the notice conforms to the requirements of the law, and the simple question raised is, whether the affidavit of the party serving was sufficient proof of such service.

We have considered this question by the analogies and reasons which would require other proof of service than that contained in the record. If we go to the service required by parties other than the sheriffs or such officials, the practice of Courts require that an affidavit will be attached or filed by such parties. Section 4126, Code, provides for such mode in matters in equity. And why would not this be better evidence of the fact than to require the witness in Court? The answer may be made that, the fact of notice being important to maintaining the suit, the right of cross-examination is taken from the party by permitting an affidavit to accomplish the purpose; but we see no sufficient reason, in

such argument, to counteract other and more competent matters connected with its admission.

It will be admitted that the only fact proven by the affidavit is that of service; the notice, itself, is filed in Court, and ought to have upon its face evidence that it had been served; the record would be incomplete without it. Again, the party serving may die, and then there would be manifest injustice in such requirement.

Again, if he were present in Court, he could only prove the fact of service. And if this is denied, the affidavit may be traversed, and an issue made, and the facts tried. But when there is no traverse, for what benefit demand an unnecessary thing not affecting the merits of the case? In our opinion, such notice, with affidavit filed and attached thereto, is the most efficient and proper compliance with the statute.

2. The Court, after the evidence was submitted to the jury, was requested to charge them: "That, Mrs. Baber turning out the cow in the vicinity of the railroad just before the coming of the train, was negligence and carelessness, to be considered by the jury, and that when said cow got upon the track, it made Baber a trespasser," which the Court refused, and charged the jury that, "if it were shown that plaintiff's cow was injured by the defendant's servants, the law presumes negligence on their part, and they must explain it; and the fact that Mrs. Baber turned out the cow, in the vicinity of the railroad, before the train came, was no evidence of carelessness, to be considered by the jury, and it was not true that, if said cow, so turned out, got upon the track, it made plaintiff a trespasser, unless it was shown that the defendant's road was inclosed by a lawful fence." Was the refusal to charge and the charge given by the Court error? We have, in various cases, laid down the principles governing negligence, upon the part of railroads, and it would be an unnecessary trespass to reiterate principles so plainly and uniformly established.

The first question raised upon the charge of the Court is,

that the turning out of the cow in the vicinity of the rail-road was not negligence.   Under the well known policy and laws of this State, owners of cattle are not compelled to keep them up, or send care-takers to watch them.   Cows are, ordi-narily, milked and turned out; and, under the facts in this case, we do not think it was error in the Court below to re-fuse the charge requested.   This case differs from the one in 19*th Georgia*, 437; for the owner of mules may have been guilty of some degree of negligence in letting them run at large, in the vicinity of an uninclosed railroad track; for mules are a class of animals generally kept up; their value and disposition to stroll off makes it a matter of common prudence to have them tended, near an uninclosed railroad track.   But with cattle it is different.   The universal prac-tice of our people is to let them out, and only in exceptional cases, are they kept up.   And we do not think the Court erred in charging the jury as he did.

As to the other question, is the charge of the Court that it was not true that, if the cow got upon the track, the owner was a trespasser, unless the railroad was inclosed by a lawful fence.   In reviewing the different cases upon this subject which have been decided, we are unable to gather more than mere general analogies, on account of the different statutory provisions prevailing in the different States, the risk of liability is more binding on railroads west than east, and no well settled distinctions are drawn in the principles con-trolling the various cases.   So that we come to the decision of this subject in the light of our own previous adjudica-tions.

The Code contains the general principle.   Railroads are liable except there be some fault or négligence upon the part of the plaintiff.   If the law does not require him to keep up his cattle he cannot be held negligent in not doing so.   It might be said that there is no law requiring railroad corpor-ations to fence their roads.   But this being true, it does not follow that failing to fence, all that flows from the fact, is their

failure to recover in cases of trespass on their roads. This is not the law. The law makes them liable for the damage done, and they may calculate the consideration of paying for stock killed or fencing; but we cannot hold that such animals as run at large are trespassers because they get upon an uninclosed railroad, no more than upon an uninclosed field; no more than a rabbit or dog running over it. And we do not think the Court erred in its charge upon this subject under the facts of this case. In Buxton vs. Northeastern Railway Company, Law Reports, 111; Sweeney's Bench cases, Sushing, Judge, held under 68th section, 8 Vic.; requiring the railroads to keep fences—"if the fence is not sufficient, and in consequence the cattle in the adjoining fields stray on to the line and are killed, the company are answerable to the owners, whether they are guilty of negligence or not." And upon the same principle, when the railroad has no fence, we think the same rule would apply; for the doctrine of contributory negligence cannot be presumed against the owner of stock in one case more than in another.

Judgment affirmed.